The Honorable Tana Lin

**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| 12273977 CANADA INC.,<br><br>Plaintiff,<br><br>v.<br><br>CS GLOBAL ENERGY US INC., f/k/a LAKE PARIME USA INC.,<br><br>Defendant. | CASE NO. 2:25-cv-01630-TL<br><br>**DECLARATION OF DOROTTYA POSFAY IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |

I, Dorottya Posfay, declare as follows:

1. I am over eighteen years old and if called to testify am competent to do so as follows based on personal knowledge.

2. I submit this Declaration in support of Plaintiff's Motion for Summary Judgment. Unless otherwise stated, the facts contained in this Declaration are based on my personal knowledge or my review of Plaintiff's records kept in the ordinary course of business. Plaintiff creates, receives, and maintains records, including the documents attached as exhibits to the Complaint and this Declaration, in the regular course of its business activities. All the documents were received, created, or otherwise generated at or near the dates reflected on such documents.



MCDERMOTT WILL & SCHULTE
444 WEST LAKE STREET, SUITE 4000
CHICAGO, ILLINOIS 60606-0029
TELEPHONE: 312.372.2000

3. At all relevant times set forth in the Complaint, I served as the Director of Mining Operations of Teranode Group AG, the parent company of 12273977 Canada Inc., the plaintiff in the above-captioned case ("Plaintiff"). I am authorized to submit this Declaration on behalf of Plaintiff.

4. In June 2022, Plaintiff and Defendant entered an agreement for Defendant to host Plaintiff' mining rigs in Defendant's Coshocton, Ohio Facility (the "Co-location Agreement"). As part of this arrangement, Defendant agreed to supply Plaintiff's mining rigs with electricity and internet access needed for the rigs to mine cryptocurrency.

5. Plaintiff utilizes a mining management software called Foreman, which enables Plaintiff to remotely manage its mining rigs. Foreman was connected to all the miners Plaintiff installed in the Facility (the "Miners") and could track their performance and power consumption.

6. At the end of each month, Foreman generated a report, providing detailed information on the Miners' power consumption on each day during the month (each one, a "Foreman Report").

7. Plaintiff uses Foreman Reports in the ordinary course of its business to confirm power consumption each month.

8. Attached hereto as **Exhibit A** is a copy of the Foreman Report for May 2025, which provides information on the Miners' power consumption between May 1, 2025, and May 31, 2025. It is based on a true and complete version of the May 2025 Foreman Report except that I added a cell (Cell F-33) showing the sum of all power consumption to display the total power consumption for the month.[1]

[1] The Foreman Reports also contain a column displaying power cost based on its default format. Because Plaintiff never entered into Foreman any information concerning the specific power cost payable under the Co-location Agreement, the information in the column of power cost reflects whatever off-the-shelf calculations the Foreman software generated and does not reflect the actual cost under the Co-location Agreement. The power cost column



MCDERMOTT WILL & SCHULTE
444 WEST LAKE STREET, SUITE 4000
CHICAGO, ILLINOIS 60606-0029
TELEPHONE: 312.372.2000

9. As illustrated by the May 2025 Foreman Report, Plaintiff's total power consumption for May 2025 was 6,081,760,948 Wh (*see* F-33), which is the sum of all power consumption from May 1 to May 31, 2025. Dividing that figure by 1,000 equals 6,081,760.95 kWh. Converting watt-hours to kilowatt hours is necessary because Defendant charged plaintiff by the kilowatt-hour under the Co-location Agreement.

10. Pursuant to the Co-location Agreement, Plaintiff's actual hosting fee incurred for May 2025 should thus be, 6,081,760.95 kWh * $0.0775/kWh, which equals $471,336.47.

11. Plaintiff is only obligated to pay for its actual power consumption in May 2025. Therefore, for May 2025, Plaintiff is only responsible for the actual hosting fee incurred.

12. Plaintiff prepaid $576,600 for hosting services in May 2025. Therefore, Defendant owes Plaintiff $105,263.53 on the May Hosting Fee (*i.e.*, the $576,600 prepaid minus the $471,336.47 dictated by Plaintiff's actual power consumption).

13. In May 2025, the parties entered into a Termination Agreement, which terminated the Co-location Agreement early.

14. By May 31, 2025, Defendant shut down the power supply to the Miners installed in the Facility.

15. During the entire month of June 2025, the Miners did not consume any electricity, as evidenced by the June 2025 Foreman Report showing 0 power consumption. Attached hereto as **Exhibit B** is a true and complete copy of the Foreman Report for June 2025, which provides information on the Miners' power consumption from June 1 to June 30, 2025.

16. In April 2025, Plaintiff made a prepayment for June 2025 services in the amount of $558,000. However, Plaintiff did not receive any services in June 2025. Therefore, Defendant

---

should thus be disregarded when evaluating a Foreman Report. The only salient information in the report is the Miners' power consumption.



MCDERMOTT WILL & SCHULTE
444 WEST LAKE STREET, SUITE 4000
CHICAGO, ILLINOIS 60606-0029
TELEPHONE: 312.372.2000

owes Plaintiff a refund of $558,000, because Plaintiff's Miners did not use any electricity in June 2025.



MCDERMOTT WILL & SCHULTE
444 WEST LAKE STREET, SUITE 4000
CHICAGO, ILLINOIS 60606-0029
TELEPHONE: 312.372.2000

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 13, 2025, at: Dübendorf, Switzerland

Dorottya Posfay



MCDERMOTT WILL & SCHULTE
444 WEST LAKE STREET, SUITE 4000
CHICAGO, ILLINOIS 60606-0029
TELEPHONE: 312.372.2000