The Honorable Tana Lin

**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| 12273977 CANADA INC.,<br><br>Plaintiff,<br><br>v.<br>CS GLOBAL ENERGY US INC., f/k/a LAKE PARIME USA INC.,<br><br>Defendant. | CASE NO. 2:25-cv-01630-TL<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**<br><br>**ORAL ARGUMENT REQUESTED** |



MCDERMOTT WILL & SCHULTE
444 WEST LAKE STREET, SUITE 4000
CHICAGO, ILLINOIS 60606-0029
TELEPHONE: 312.372.2000

## TABLE OF CONTENTS

INTRODUCTION ....................................................................................................1

ARGUMENT ........................................................................................................2

I. DEFENDANT IS NOT ENTITLED TO A CONTINUANCE OR DEFERRAL ........................................................................................2

A. Defendant Must Show It Needs Discovery to Obtain Essential Facts ........................................................................2

B. Defendant Has Not Diligently Pursued Discovery ..............................3

C. Defendant Fails to Identify Specific, Material Facts it Believes Additional Discovery Will Unearth That Will Preclude Summary Judgment ..............................................................5

II. THERE IS NO GENUINE DISPUTE OF MATERIAL FACT THAT PLAINTIFF FULLY PERFORMED UNDER THE TERMINATION AGREEMENT ......................................................6

A. The Timing of Equipment Removal Is a Promise, Not Condition Precedent ......................................................................6

B. The Law Disfavors Forfeiture ..............................................................8

C. Any Timing Discrepancies Are Not Material .......................................8

D. Plaintiff Fully Complied with Section 2 of the Termination Agreement ............................................................................9

III. THERE IS NO DISPUTE THAT PLAINTIFF OWNS THE POWER CABLES ..........................................................................11

A. Defendant's Subjective Belief That It Owns The Power Cables Does Not Justify a Rule 56(d) Continuance ..............................11

IV. PLAINTIFF IS ENTITLED TO SUMMARY JUDGMENT ..........................13

CONCLUSION ...................................................................................................14



MCDERMOTT WILL & SCHULTE
444 WEST LAKE STREET, SUITE 4000
CHICAGO, ILLINOIS 60606-0029
TELEPHONE: 312.372.2000

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Anderson v. Country Mut. Ins. Co.*,
C14-0048JLR, 2015 WL 687399 (W.D. Wash. Feb. 18, 2015) .... 10-11

*Barrett v. Weyerhaeuser Co. Severance Pay Plan*,
700 P.2d 338 (1985).... 11

*Berkshire Hathaway Homestate Ins. Co. v. SQI, Inc.*,
C14-0868JLR, 2015 WL 1481728 (W.D. Wash. Mar. 30, 2015).... 6

*Block Mining, Inc. v. Hosting Source, LLC*,
2:24-cv-00319-JLR, Dkt. No. 87, 2025 WL 3640426 (W.D. Wash. 2025) .... 14

*BOFI Fed. Bank v Advance Funding LLC*,
105 F Supp 3d 1215 (W.D. Wash. 2015).... 7

*Burlington N. Santa Fe R. Co. v. Assiniboine & Sioux Tribes of Fort Peck Rsrv.*,
323 F.3d 767 (9th Cir. 2003) .... 3, 6, 13

*Byrne v. Ackerlund*,
739 P.2d 1138 (Wash. 1987).... 7

*Cartozian & Sons, Inc. v Ostruske-Murphy, Inc.*,
390 P.2d 548 (Wash. 1964).... 8

*Emmons v. McLaughlin*,
874 F.2d 351 (6th Cir. 1989) .... 2

*Fam. Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*,
525 F.3d 822 (9th Cir. 2008) .... 3

*GEICO Advantage Ins. Co. v. Dalton*,
2:21-cv-00845, 2022 WL 3646191 (W.D. Wash. Aug. 24, 2022) .... 3, 4

*Harris v. City of Seattle*,
315 F. Supp. 2d 1112 (W.D. Wash. 2004), *aff'd*, 152 F. App'x 565 (9th Cir. 2005).... 5

*Harrison v Puga*,
4 Wash. App. 52 (Wash. Ct. App. 1971) .... 9



MCDERMOTT WILL & SCHULTE
444 WEST LAKE STREET, SUITE 4000
CHICAGO, ILLINOIS 60606-0029
TELEPHONE: 312.372.2000

*Jones Assocs. v. Eastside Props., Inc.*,
704 P.2d 681 (Wash. Ct. App. 1985) ........ 7, 9

*Lindeman Bros., Inc. v. Pac. Recycle, L.L.C.*,
34 Wash. App. 2d 1074 (Wash. Ct. App. 2025) ........ 9

*Lokan & Assocs., Inc. v. Am. Beef Processing, LLC*,
311 P.3d 1285 (Wash. Ct. App. 2013) ........ 7

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,
475 U.S. 574 (1986) ........ 13

*In re O'Gorman*,
AP 21-01009, 2022 WL 17851422 (B.A.P. 9th Cir. Dec. 21, 2022), *aff'd*, 115 F.4th 1047 (9th Cir. 2024) ........ 4

*Park Ave. Condo. Owners Ass'n v Buchan Dev., L.L.C.*,
117 Wash. App. 369 (Wash. Ct. App. 2003), *on recons. in part*, 75 P.3d. 974 (Wash. Ct. App. 2003) ........ 8

*Radach v. Prior*,
297 P.2d 605 (Wash. 1956) ........ 8

*Sheet Metal Workers Int'l Ass'n, Local 66 v. Northshore Sheet Metal, Inc.*,
No. C12-1903RSL, 2013 WL 12107629 (W.D. Wash. Jan. 7, 2013) ........ 10

*Sherman v. Kruse*,
2:24-CV-00408-TL, 2024 WL 3460900 (W.D. Wash. July 18, 2024) (Lin, J.) ........ 4

*Singley v. Aacres/Allvest, LLC*,
No. C09-5443 RBL, 2010 WL 2990886 (W.D. Wash. July 28, 2010) ........ 5, 10, 12

*Suever v. Connell*,
484 F. App'x. 187 (9th Cir. 2012) ........ 10

*Tacoma Northpark, LLC v. NW, LLC*,
96 P.3d 454 (Wash. Ct. App. 2004) ........ 7

*Tatum v. City & Cty. of San Francisco*,
441 F.3d 1090 (9th Cir. 2005) ........ 3

**Other Authorities**

Fed. R. Civ. P. 1 ........ 2

Fed. R. Civ. P. 26(d)(1) ........ 3, 4



MCDERMOTT WILL & SCHULTE
444 WEST LAKE STREET, SUITE 4000
CHICAGO, ILLINOIS 60606-0029
TELEPHONE: 312.372.2000

Fed. R. Civ. P. 26(f) .......... 3, 4

Fed. R. Civ. P. 56(d) .......... *passim*

11 *Moore's Federal Practice* § 56.102[3] (2026) .......... 3



MCDERMOTT WILL & SCHULTE
444 WEST LAKE STREET, SUITE 4000
CHICAGO, ILLINOIS 60606-0029
TELEPHONE: 312.372.2000

## INTRODUCTION

Plaintiff's Motion for Summary Judgment (Dkt. No. 25) establishes as a matter of law that Plaintiff fully performed its obligations under the Termination Agreement and that Defendant's performance was ripe and owing. In opposition (Dkt. No. 33 ("Opp'n") Defendant CS Global Energy US, Inc., f/k/a Lake Parime USA Inc. ("Defendant"), concedes crucial points and makes no effort to contest others. For example:

- Defendant concedes that the Termination Agreement[1] requires Defendant to, among other things, refund Plaintiff's Security Deposit by June 1, 2025.
- Defendant admits it has not refunded the Security Deposit.
- Defendant does not dispute that Plaintiff paid all amounts invoiced by Defendant – including overpayments and prepayments that Plaintiff is suing to recover.
- Defendant does not deny that Plaintiff tendered the $105,000 exit payment.
- Other than the power cables, Defendant does not contend that Plaintiff ultimately failed to remove any of its mining equipment from Defendant's Facility.

The remainder of Defendant's opposition is a transparent effort to create factual disputes where there are none. Nor has Defendant tried to take the discovery it claims it needs. Such gamesmanship should not be rewarded with a Rule 56(d) continuance.

Defendant's arguments to the contrary are baseless. Its assertion that Section 2(b) of the Termination Agreement mandates forfeiture of a seven-figure security deposit if Plaintiff failed to start removing its machines on Sunday, June 1, 2025, mischaracterizes that provision as a condition precedent and incorrectly asks the Court to interpret the parties' agreement in favor of

[1] Capitalized terms not otherwise defined herein have the meanings ascribed to them in Plaintiff's Motion.



MCDERMOTT WILL & SCHULTE
444 WEST LAKE STREET, SUITE 4000
CHICAGO, ILLINOIS 60606-0029
TELEPHONE: 312.372.2000

effecting a forfeiture. And the precise start time of Plaintiff's equipment removal effort is immaterial because undisputed evidence shows that Plaintiff complied with Section 2(b) of the Termination Agreement and completed removing all its mining rigs no later than June 20, 2025. (Jorgensen Decl. Ex. E. (Dkt. No. 29-5) § 2(b).)

Defendant's attempt to create confusion around ownership of the power cables is equally futile. Plaintiff has conclusively demonstrated, through Defendant's own filings with the Washington Secretary of State, that Defendant is the same entity that sold Plaintiff the power cables. That Defendant's parent company apparently tried to sell to a third party property that did not belong to Defendant is immaterial.

Federal Rule of Civil Procedure 1 states that the Rules must be "construed, administered, and employed . . . to secure the just, speedy, and inexpensive determination of every action and proceeding." Defendant's claim that it needs discovery on immaterial matters – in the face of overwhelming evidence that it owes monies to Plaintiff – contradicts that fundamental principle. Plaintiff respectfully asks the Court to grant its motion and enter summary judgment.

## ARGUMENT

### I. DEFENDANT IS NOT ENTITLED TO A CONTINUANCE OR DEFERRAL

#### A. Defendant Must Show It Needs Discovery to Obtain Essential Facts

Under Federal Rules of Civil Procedure 56(d), the Court may defer or deny a summary judgment motion "[i]f a nonmovant shows by affidavit or declaration that, *for specified reasons*, it cannot present facts *essential* to justify its opposition." (Emphasis added.) This rule "is not a shield that can be raised to block a motion for summary judgment without even the slightest showing by the opposing party that his opposition is meritorious." *Emmons v. McLaughlin*, 874 F.2d 351, 356 (6th Cir. 1989). Rather, a party seeking to delay summary judgment must



MCDERMOTT WILL & SCHULTE
444 WEST LAKE STREET, SUITE 4000
CHICAGO, ILLINOIS 60606-0029
TELEPHONE: 312.372.2000

(1) set forth "*the specific facts* it hopes to elicit from further discovery; (2) establish that "the facts sought exist"; and (3) that they "are essential to oppose summary judgment." *Fam. Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008) (emphasis added). If the facts sought to be discovered "could not affect the outcome of the summary judgment motion, there is no need to permit the discovery." 11 *Moore's Federal Practice* § 56.102[3] (2026) (compiling cases); *see also Tatum v. City & Cty. of San Francisco*, 441 F.3d 1090, 1100-01 (9th Cir. 2005) (affirming denial of Rule 56 continuance). Said differently, a party requesting a continuance pursuant to Rule 56(d) bears the burden to identify "the specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment." *Tatum*, 441 F.3d at 1100.

**B. Defendant Has Not Diligently Pursued Discovery**

Courts decline to grant Rule 56(d) continuance motions if the party fails diligently to pursue discovery before summary judgment. *Burlington N. Santa Fe R. Co. v. Assiniboine & Sioux Tribes of Fort Peck Rsrv.*, 323 F.3d 767, 773-74 (9th Cir. 2003) ("Rule 56(f)-based continuance of a motion for summary judgment for purposes of discovery" may be denied where "the non-moving party has not diligently pursued discovery of the evidence.").

That is the case here. Defendant was free to serve discovery on Plaintiff since October 14, 2025, when the parties held their Rule 26(f) conference. *See* Fed. R. Civ. P. 26(d)(1). On October 31, 2025, the parties exchanged initial disclosures, and Plaintiff produced documents and communications supporting its claims. In the intervening three months, Defendant has served no discovery request on Plaintiff.

Defendant attempts to blame its inaction on the Court's decision to defer entering a scheduling order pending consideration of Plaintiff's motion. (Opp'n at 6.) But entry of a



MCDERMOTT WILL & SCHULTE
444 WEST LAKE STREET, SUITE 4000
CHICAGO, ILLINOIS 60606-0029
TELEPHONE: 312.372.2000

scheduling order does not impact whether Defendant could serve discovery. *See, e.g.*, *GEICO Advantage Ins. Co. v. Dalton*, 2:21-cv-00845, 2022 WL 3646191, at *3 (W.D. Wash. Aug. 24, 2022) (denying Rule 56(d) relief where no scheduling order had been entered, but the record showed that the movant failed to diligently pursue discovery despite having months of notice that a lawsuit was forthcoming). Under Rule 26(d)(1), Defendant could have served discovery immediately after the parties' Rule 26(f) conference. *Sherman v. Kruse*, 2:24-CV-00408-TL, 2024 WL 3460900, at *2 (W.D. Wash. July 18, 2024) (Lin, J.) ("As a general rule, a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f). Fed. R. Civ P. 26(d)(1). The Rule 26(f) conference is the beginning of the formal discovery process and involves the parties coming to a joint agreement regarding a discovery plan and submitting that plan to the Court.") (citation modified). The scheduling order simply formalizes deadlines but does not itself enable or disable discovery.

Courts reject Rule 56(d) requests where the nonmovant had full opportunity to serve discovery but did not. *GEICO Advantage Ins. Co.*, 2022 WL 3646191, at *3 (denying request for Rule 56(d) continuance and finding that "[t]he case is not so early in the litigation that it warrants a continuance" where the party seeking continuance "had five (5) weeks to conduct discovery[.]"); *In re O'Gorman*, AP 21-01009, 2022 WL 17851422, at *7 (B.A.P. 9th Cir. Dec. 21, 2022), *aff'd*, 115 F.4th 1047 (9th Cir. 2024) (affirming denial of Rule 56(d) continuance even where no discovery had been conducted because "The rule does not distinguish between a party that has nearly finished discovery and one that has not yet begun, and nothing in the rule suggests that summary judgment cannot be granted unless discovery has commenced.").



MCDERMOTT WILL & SCHULTE
444 WEST LAKE STREET, SUITE 4000
CHICAGO, ILLINOIS 60606-0029
TELEPHONE: 312.372.2000

Defendant cannot tenably argue that it needs to take discovery that it has not served despite having more than three months to do so. Defendant's inaction demonstrates a lack of diligence that forecloses a continuance under Rule 56(d).

**C. Defendant Fails to Identify Specific, Material Facts it Believes Additional Discovery Will Unearth That Will Preclude Summary Judgment**

Defendant identifies no specific, material fact that it thinks it can obtain through additional discovery that would preclude summary judgment. Instead, Defendant resorts to vague, conclusory allegations, claiming discovery is needed as to: (i) whether Plaintiff commenced removal of its equipment on June 1, 2025; (ii) "whether that commencement was a material condition per the parties' understanding of the contract"; (iii) "if the condition was not met, how that affects the contractual and ownership rights to the Security Deposit sans the Termination Agreement"; and (iv) "the parties' respective positions regarding their potential ownership of the power cables." (Opp'n at 8, 10.) But Defendant provides no basis to believe that discovery on any of these topics would adduce facts showing that Plaintiff failed to remove its mining rigs or that Defendant owned the cables.

Indeed, as discussed in Section B below, the indisputable evidence *in Defendant's possession* demonstrates otherwise. *See Singley v. Aacres/Allvest, LLC*, No. C09-5443 RBL, 2010 WL 2990886, at *4 (W.D. Wash. July 28, 2010) (listing whether "the material facts are within the exclusive knowledge of the moving party" as a factor to weigh in considering continuance motion, and declining continuance motion where the necessary facts "were readily available" to the moving party.). The Ninth Circuit and this district have routinely denied Rule 56(d) continuance based on such vague and conclusory assertions. *See, e.g.*, *Harris v. City of Seattle*, 315 F. Supp. 2d 1112, 1119-20 (W.D. Wash. 2004) (denying continuance of the



MCDERMOTT WILL & SCHULTE
444 WEST LAKE STREET, SUITE 4000
CHICAGO, ILLINOIS 60606-0029
TELEPHONE: 312.372.2000

summary judgment when Plaintiff failed to diligently pursue discovery and only offered vague and conclusory statements about expected testimony), *aff'd*, 152 F. App'x 565 (9th Cir. 2005); *Singley*, 2010 WL 2990886, at *4 ("[S]ummary judgment will not be delayed where the facts sought appear irrelevant, cumulative, or futile.") (citing *Burlington N. Santa Fe. R. Co.*, 323 F.3d at 774)); *Berkshire Hathaway Homestate Ins. Co. v. SQI, Inc.*, C14-0868JLR, 2015 WL 1481728, at *5 (W.D. Wash. Mar. 30, 2015) (denying continuance where parties requesting it "simply identif[ied] discovery that has not yet occurred and conclude[d] that they are unable to craft an informed response without that discovery.").

## II. THERE IS NO GENUINE DISPUTE OF MATERIAL FACT THAT PLAINTIFF FULLY PERFORMED UNDER THE TERMINATION AGREEMENT

Defendant argues that if Plaintiff did not begin removing its rigs from the Facility on June 1, and did not finish removal before June 20, 2025, then Plaintiff cannot recover the Security Deposit. Defendant is wrong as a matter of law because the timing of the equipment removal was a promise, not a condition precedent. A contrary reading would also result in a forfeiture of Plaintiff's rights and property, which is strongly disfavored. The indisputable facts also show that Plaintiff fully performed and Defendant has not identified any prejudice from any purported delay.

### A. The Timing of Equipment Removal Is a Promise, Not Condition Precedent

According to Defendant, Section 2 of the Termination Agreement's terms "are chronological, and performance is considered step-by-step" with completion of performance at each step being a condition precedent for the other party's performance of subsequent steps. (Opp'n 9-10) (citing Termination Agreement 2(a)-2(c)). Thus, if Plaintiff did not comply with Section 2(b) of the Termination Agreement, which requires Plaintiff to start removing its mining



MCDERMOTT WILL & SCHULTE
444 WEST LAKE STREET, SUITE 4000
CHICAGO, ILLINOIS 60606-0029
TELEPHONE: 312.372.2000

equipment on June 1 and to "use commercially reasonable efforts" to finish by June 20, 2025, then Defendant had no duty to "[b]y June 1, 2025[,] . . . return the Security Deposit to [Plaintiff]." (Opp'n 10.) That position is non-sensical.

Plaintiff's obligations under Section 2 of the Termination Agreement are a promise, not a condition precedent. Washington law presumes that a contract provision is a promise, not condition, absent unequivocal signals that the parties intended it as such by including language such as "subject to," "contingent upon," "provided that," or "on condition." *See Tacoma Northpark, LLC v. NW, LLC*, 96 P.3d 454, 458 (Wash. Ct. App. 2004); *Lokan & Assocs., Inc. v. Am. Beef Processing, LLC*, 311 P.3d 1285, 1289 (Wash. Ct. App. 2013) (same). As Defendant acknowledges in its Opposition, Section 1(c) of the Termination Agreement expressly "refers to the obligations in Section 2 as 'covenants.'" (Opp'n at 3.)

Importantly, "[a] condition precedent is contrasted with a promise, which subjects the promisor to liability for damages, but does not necessarily discharge the other party's duty of performance[.]" *BOFI Fed. Bank v Advance Funding LLC*, 105 F. Supp. 3d 1215, 1219 (W.D. Wash. 2015) (citation modified). Section 2 of the Termination Agreement merely allocates obligations between the parties and establishes a schedule for performance. It contains no language suggesting that Defendant's performance is *contingent upon* Plaintiff commencing removal efforts on June 1, 2025. Absent such unequivocal conditional phrasing, such provisions are promises – not conditions precedent. *See, e.g.*, *Jones Assocs. v. Eastside Props., Inc.*, 704 P.2d 681, 686 (Wash. Ct. App. 1985) (holding that a contractual provision created a duty to act, not a condition precedent, absent conditional language).



MCDERMOTT WILL & SCHULTE
444 WEST LAKE STREET, SUITE 4000
CHICAGO, ILLINOIS 60606-0029
TELEPHONE: 312.372.2000

**B. The Law Disfavors Forfeiture**

Construing the timing provision in Section 2 as a condition precedent would result in an unreasonable forfeiture of Plaintiff's security deposit and prepayments due solely to the timing of Plaintiff's full performance. Washington law disfavors interpreting contracts in this draconian manner. *Byrne v. Ackerlund*, 739 P.2d 1138, 1143 (Wash. 1987) ("Where one construction would make a contract unreasonable, and another, equally consistent with its language, would make it reasonable, the latter more rational construction must prevail."); *Radach v. Prior*, 297 P.2d 605, 607 (Wash. 1956) ("Forfeitures are not favored in the law, and equity will seize upon any inequitable circumstance arising from the contract or the conduct of the parties in order to avoid a forfeiture."). Defendant's interpretation of the parties' agreement fails for this additional reason.

**C. Any Timing Discrepancies Are Not Material**

Defendant's attempt to manufacture a factual dispute over purported timing also fails because the purported timing discrepancies, if any, do not constitute a material breach of the Termination Agreement. *See Park Ave. Condo. Owners Ass'n v Buchan Dev., L.L.C.*, 117 Wash. App. 369, 383 (Wash. Ct. App. 2003) ("[A] material breach is one serious enough to justify the other party in abandoning the contract . . . one that substantially defeats the purpose of the contract.") (citations omitted), *on recons. in part*, 75 P.3d. 974 (Wash. Ct. App. 2003). The Washington Supreme Court has held that, absent an explicit time is of the essence clause, "a breach does not become cause for repudiation until it is . . . so material as to amount to a substantial or total failure of consideration." *Cartozian & Sons, Inc. v Ostruske-Murphy, Inc.*, 390 P.2d 548, 551 (Wash. 1964).

Here, no genuine dispute exists regarding the date on which Plaintiff began its de-racking efforts, and even if there were such a dispute, it would be immaterial. The Termination Agreement



MCDERMOTT WILL & SCHULTE
444 WEST LAKE STREET, SUITE 4000
CHICAGO, ILLINOIS 60606-0029
TELEPHONE: 312.372.2000

requires plaintiff to commence the de-racking efforts on June 1, 2025, and "use commercially reasonable efforts to have all of its equipment removed from the [Facility] by June 20, 2025." (Jorgensen Decl. Ex. E (Dkt. No. 29-5) § 2(b).) It also requires that Defendant returns Plaintiff's Security Deposit by June 1, 2025. (*Id.* § 2(c).) These two clauses each impose separate obligations. Defendant also does not dispute that Plaintiff removed all its equipment by the June 20, 2025 deadline. And where any delay is minor and does not interfere with the essential purpose of the agreement, courts do not treat such delays as material breaches. *See, e.g.*, *Lindeman Bros., Inc. v. Pac. Recycle, L.L.C.*, 34 Wash. App. 2d 1074 (Wash. Ct. App. 2025) ("When the creditor receives late payment on an agreement without time being of the essence, the debtor satisfies the debt."); *Harrison v Puga*, 4 Wash. App. 52, 61 (Wash. Ct. App. 1971) ("[I]n the absence of a clause making time of the essence or providing for forfeiture, defendant could not legally forfeit the contract without prior notice giving plaintiffs a reasonable opportunity to perform[.]").

Therefore, even if Plaintiff deviated from the schedule set forth in Section 2(b) – which Plaintiff did not – that would not discharge Defendant's obligation to perform under the Termination Agreement. At most, it could give rise to a claim for damages,[2] but Defendant does not contend it suffered any damages or other prejudice.

**D. Plaintiff Fully Complied with Section 2 of the Termination Agreement**

Finally, Plaintiff fully complied with Section 2(b) of the Termination Agreement. Defendant possesses the evidence establishing as much.

---

[2] *See Jones Assocs.*, 704 P.2d at 684 ("In contrast to the breach of a promise, which subjects the promisor to liability for damages but does not necessarily discharge the other party's duty of performance, the nonoccurrence of a condition prevents the promisee from acquiring a right or deprives him of one but subjects him to no liability.").



MCDERMOTT WILL & SCHULTE
444 WEST LAKE STREET, SUITE 4000
CHICAGO, ILLINOIS 60606-0029
TELEPHONE: 312.372.2000

Starting May 21, 2025, Plaintiff began discussing de-racking its equipment with Defendant. (Reply Decl. of D. Pofsay in Supp. Mot. for Summ. J. ("Pofsay Reply Decl.") ¶ 3, Ex. A.) Plaintiff engaged a third party to assist in removing its equipment. (*Id.* ¶ 4, Ex. B.) The first shipment of Plaintiff's equipment departed the Facility on June 2, 2025. (*Id.*) Trenton Burdge – Defendant's own Site Manager – confirmed that shipment on June 2, 2025. (*Id.*) Plaintiff finished removing its equipment from the Facility by June 18, 2025. (*Id.* ¶ 5, Ex. C.) Defendant assisted Plaintiff's de-racking efforts and facilitated removal of Plaintiff's equipment. (*Id.*) On June 19, 2025, Mr. Burdge confirmed that, other than the disputed power cables, and "a couple spare wooden pallets that were leftover[,] [Defendant had] sent everything out. All machines, good spare parts, and bad parts." (*Id.* ¶ 6, Ex. D.)

As such, it is indisputable that Plaintiff began its equipment pickup by June 2, 2025, and finished by June 20, 2025. (*Id.* ¶¶ 4-6, Exs. B, C, D.) Whether the first truck was packed on Sunday, June 1 or Monday, June 2 is immaterial. Further discovery on this question is unnecessary especially given that Defendant's own employee, Mr. Burdge, was directly involved in communications regarding Plaintiff's de-racking efforts and managed the facility throughout the relevant period. Thus, Defendant is not entitled to a continuance. *See Singley*, 2010 WL 2990886, at *4 (declining continuance motion where the necessary facts "were readily available" to the moving party and when "any additional discovery would be futile in contesting . . . motion for summary judgment."); *Suever v. Connell*, 484 F. App'x. 187, 189 (9th Cir. 2012) (affirming denial where plaintiffs failed to show what new facts discovery would yield); *Sheet Metal Workers Int'l Ass'n, Local 66 v. Northshore Sheet Metal, Inc.*, No. C12-1903RSL, 2013 WL 12107629, at *1-2 (W.D. Wash. Jan. 7, 2013) (denying a defendant's motion for Rule 56(d) continuance when the



MCDERMOTT WILL & SCHULTE
444 WEST LAKE STREET, SUITE 4000
CHICAGO, ILLINOIS 60606-0029
TELEPHONE: 312.372.2000

"remaining record does not reveal any facts, not already within defendant's possession, that are essential to its ability to oppose plaintiff's pending motion for summary judgment.").

Finally, any delay was the result of Defendant's unlawful retention of the power cables. Thus, even if Section 2 were considered a condition precedent (which it is not) and even if Plaintiff did not comply with the schedule (which Plaintiff did), that would not relieve Defendant of its contractual obligations. *See Anderson v. Country Mut. Ins. Co.,* C14-0048JLR, 2015 WL 687399, at *12 (W.D. Wash. Feb. 18, 2015) ("Under Washington law, when a party prevents the occurrence or fulfillment of a condition precedent, the condition is excused."); *Barrett v. Weyerhaeuser Co. Severance Pay Plan*, 700 P.2d 338, 342 (1985) ("[F]ailure or nonoccurrence of a condition will not excuse the promisor's performance if the condition's failure was the fault of the promisor.").

The Court should therefore deny Defendant's request for additional discovery and grant summary judgment in Plaintiff's favor.

## III. THERE IS NO DISPUTE THAT PLAINTIFF OWNS THE POWER CABLES

### A. Defendant's Subjective Belief That It Owns The Power Cables Does Not Justify a Rule 56(d) Continuance

Defendant argues that it "believed it was purchasing" the power cables and so "there should be discovery as to parties' respective positions regarding their potential ownership of the power cables." (Opp'n at 8.) That argument is another transparent delay tactic.

Plaintiff has conclusively established that it is lawfully entitled to possess the power cables. (Jorgensen Decl. (Dkt. No. 29) ¶ 15, Ex. B (Dkt. No. 29-2), Ex. D (Dkt. No. 29-4).) Defendant admits that Plaintiff installed the cables at the Facility in or around October 2022 and acknowledges Plaintiff's "original purchase" of the cables. (Opp'n at 5.)



MCDERMOTT WILL & SCHULTE
444 WEST LAKE STREET, SUITE 4000
CHICAGO, ILLINOIS 60606-0029
TELEPHONE: 312.372.2000

Defendant nonetheless argues that it purchased the cables as part of a foreign insolvency proceeding and has carried them on its balance sheet. (*Id.* at 1-2.) But the evidence that Defendant cites – a 2023 Business and Asset Sale Agreement ("BASA") – says no such thing. (Laursen Decl. Ex. B (Dkt. No. 34-2).) Instead, the BASA states that a *non-party* purchased *Defendant's parent company*, not Defendant or even Defendant's assets. (*Id.* § 2.1.)

The identity of Plaintiff's counterparty to the Colocation Agreement and from which Plaintiff purchased the power cables has not changed. It is the same entity under a different name. (Zhu Decl. (Dkt, No. 26) ¶¶ 6-8; Ex. C (Dkt. No. 26-3), Ex. D (Dkt. No. 26-4), Ex. E (Dkt. No. 26-5), Ex. F (Dkt. No. 26-6), Ex. G (Dkt. No. 26-7).) Defendant writes its brief from the perspective of the non-party that purchased Defendant's parent company but does not dispute that Defendant itself remained the same legal entity (albeit with a different name) during all relevant times, as confirmed by its own filings with the Washington Secretary of State. (*Id.*) Thus, ownership of the power cables never changed hands, despite the BASA. That Defendant's new parent company – which is not a party to this case – subjectively thought a subsidiary of an entity it purchased owned something that it did not is irrelevant.

Defendant has also failed to demonstrate that the information it seeks – namely, "the parties' respective positions regarding their potential ownership of the power cables" – is material. Plaintiff produced the documents establishing its entitlement to the power cables. Defendant's focus on the BASA (to which Plaintiff is not a party) is a red herring aimed at delaying and obstructing Defendant's performance of what undisputed evidence demonstrates is its unquestionable obligation. Any additional information Defendant thinks discovery might adduce on this issue is immaterial. *See Singley*, 2010 WL 2990886, at *4 Thus, there is (again) no reason for a continuance.



MCDERMOTT WILL & SCHULTE
444 WEST LAKE STREET, SUITE 4000
CHICAGO, ILLINOIS 60606-0029
TELEPHONE: 312.372.2000

## IV. PLAINTIFF IS ENTITLED TO SUMMARY JUDGMENT

Plaintiff is entitled to summary judgment on the merits and to an award of damages. The material facts are not in dispute. Plaintiff paid all amounts owed under the Co-Location Agreement, including for May 2025 services and a prepayment for June 2025. Defendant in turn owes Plaintiff the following amounts: $105,263.53 for overpaid May hosting services and $558,000 for the June prepayment, which were never refunded. (Posfay Decl. (Dkt. No. 27) ¶¶ 12, 15, 16, Ex. A (Dkt. No. 27-1), Ex. B (Dkt. No. 27-2); Fitzpatrick Decl. (Dkt. No. 28) ¶¶ 10, 12-14, Ex. A (Dkt. No. 28-1), Ex. D (Dkt. No. 28-4), Ex. E (Dkt. 28-5), Ex. F (Dkt. No. 28-6).) Defendant also failed to return Plaintiff's security deposit of $1,633,824 and to provide the agreed $500,000 credit, which – after offsetting the $105,000 exit payment – leaves $395,000 owing. (Jorgensen Decl. (Dkt. No. 29) ¶¶ 25, 37.) Defendant does not dispute these amounts nor that they have not been paid to Plaintiff.

Plaintiff also demonstrated that it purchased and installed the power cables at the Facility. (*Id.* ¶¶ 15-16, Ex. D (Dkt. No 29-4).) Defendant does not meaningfully dispute these facts either.

Instead, Defendant again seeks to delay and distract. But the purported issues Defendant seeks to explore through additional discovery are not "specific facts showing that there is a *genuine issue for trial*." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)) (emphasis in original). *See also Burlington N. Santa Fe R. Co.*, 323 F.3d at 774 (affirming denial of Rule 56(d) continuance upon finding that, "[a]ny such discovery would be futile.") Accordingly, Plaintiff is entitled to summary judgment.[3]

[3] In the interest of reaching a timely resolution of this matter, Plaintiff will forego its claims related to the power cables if the Court grants Plaintiff summary judgment on Plaintiff's claims for the payments that it is owed but determines ownership of the cables requires further discovery because the value of the cables is (a) far less than the value of the payments owed and (b) less than what it will likely cost to litigate the ownership issue if that is the only disputed issue remaining in the case.



MCDERMOTT WILL & SCHULTE
444 WEST LAKE STREET, SUITE 4000
CHICAGO, ILLINOIS 60606-0029
TELEPHONE: 312.372.2000

**CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant's request for continuance, grant summary judgment for Plaintiff, and award Plaintiff $2,692,087.53, plus pre-judgment interest and such other relief as the Court deems just and proper. *Cf. Block Mining, Inc. v. Hosting Source, LLC*, 2:24-cv-00319-JLR, Dkt. No. 87, 2025 WL 3640426, at *8 (W.D. Wash. 2025) (awarding damages when granting summary judgment motion in bitcoin mining dispute).

Date: January 23, 2026

**MCDERMOTT WILL & SCHULTE LLP**

I certify that this memorandum contains 4,057 words, in compliance with the Local Civil Rules.

By: *s/ Daniel-Charles V. Wolf*
Daniel-Charles V. Wolf, WSBA #48211

444 W. Lake St., Ste. #4000
Chicago, IL 60606-0029
(312) 372-2000
dcwolf@mwe.com
Andrew B. Kratenstein, *ADMITTED PRO HAC VICE*
Chenjia Zhu, *ADMITTED PRO HAC VICE*
One Vanderbilt Avenue
New York, NY 10017-3852
(212) 547-5400
akratenstein@mwe.com
chenjiazhu@mwe.com

*Attorneys for Plaintiff*